# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| GARY PRUIETT, *et al.*, | : | Case No. 1:18-cv-643 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| VILLAGE OF ELMWOOD PLACE, *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 13)

This civil action is before the Court upon Plaintiffs' motion to remand (Doc. 13) and the parties' responsive memoranda. (Docs. 16, 18). Defendant Optotraffic, LLC ("Optotraffic" or "Defendant") requested oral argument. (Doc. 16 at 1). The Court finds that the briefings are clear on their face and that oral argument is not necessary.

## I. BACKGROUND

Plaintiffs are all Ohio Residents. (Doc. 11 at ¶ 2). Defendant Optotraffic is a Maryland Corporation with a principal place of business in Maryland. (*Id.* at ¶ 5).

Plaintiffs filed the initial complaint in this action on November 29, 2012 against the Village of Elmwood Place ("Elmwood Place") in the Court of Common Pleas for Hamilton County, OH (the "First Complaint"). (Doc. 3 at PAGEID # 91–107). In the First Complaint, a group of motorist Plaintiffs sought declaratory judgment and emergency injunctive relief to invalidate an Elmwood Place ordinance enacting a traffic photo-enforcement program for issuing fines for speeding violations (the "Program").

(*Id.*).  Optotraffic operated the Program and received 40% of all revenue resulting from payments of citations and related fees.  (Doc. 11 at ¶¶ 20–21).  Approximately two months after commencement of the action, Optotraffic filed a motion to intervene as a matter of right pursuant to Ohio Civil Rule 24(A).  (Doc. 3 at 200–04).  Optotraffic's motion was based on the fact that if Plaintiff's requested relief were granted, Optotraffic's contract rights under its service agreement with Elmwood Place would be annihilated.  (*Id.* at 201).  Plaintiffs opposed Optotraffic's request to intervene, filing a brief in opposition.  (*Id.* at 248–54).  The Hamilton County court denied Optotraffic's motion to intervene, but permitted Optotraffic to file a brief addressing Plaintiffs' legal arguments for injunctive and declaratory relief as an *amicus curiae*.  (*Id.* at 273).

On March 9, 2013, the Hamilton County court issued an injunction invalidating the Elmwood Place Program on constitutional grounds.  Subsequently, Plaintiffs filed a First Amended Complaint on June 23, 2013 that added a restitution claim and class action allegations.  (*Id.* at 378–95).  The Hamilton County court granted class certification on October 23, 2013, and named Plaintiff Michael Cutcher as the class representative.  (*Id.* at 818–25).  Elmwood Place appealed the order granting class certification.  (*Id.* at 974).  On January 23, 2014, the Hamilton County court granted summary judgment on Mr. Cutcher's individual restitution claim of $108.95 and found that if class certification were upheld on appeal, the class would be entitled to $1,760,859.18 and any amounts obtained by Optotraffic for convenience fees for online payments.  (*Id.* at 1088).

On June 20, 2014, Plaintiffs filed a motion requesting that the Hamilton County court impose a constructive trust "over all fees and other charges" collected under the

Elmwood Place Program. (*Id.* at 1094–95). Elmwood Place opposed the motion and noted that the Elmwood Place only received 60% of the money collected by Optotraffic under the Program and therefore its potential liability was limited to 60% of what the class members paid. (*Id.* at 1117–23). On July 28, 2014, in response to the Village's opposition to Plaintiffs' motion for a constructive trust, Plaintiffs moved for leave to file a Second Amended Complaint that would add Optotraffic as a party for the "sole and limited purpose of allowing plaintiffs to assert [ ] constructive trust and unjust enrichment theories against it." (*Id.* at 1126–29, 1134–36). Optotraffic filed an opposition to Plaintiffs' motion for leave to file a Second Amended Complaint which would have added Optotraffic as a Defendant. (*Id.* at 1217–27). On August 2, 2016, the Hamilton County court granted Plaintiffs' motion for imposition of constructive trust and motion for leave to file Second Amended Complaint, but denied Plaintiffs' motion to add Optotraffic as a Defendant in the action. (*Id.* at 1497).

On August 6, 2018, pursuant to a settlement between the Plaintiffs and Elmwood Place, the Hamilton County court entered judgment "against Elmwood Place and in favor of the Class . . . for a total restitution of $1,305,905.16." (*Id.* at 1621–22). Based on a stipulation between Plaintiffs and Elmwood Place, Plaintiffs filed the Third Amended Complaint and Supplemental Complaint on August 9, 2018. (*Id.* at 1623). The Third Amended Complaint added Optotraffic as a Defendant. (Doc. 11). Plaintiffs claim that Optotraffic was unjustly enriched by collecting fees under the Program. (*Id.* at ¶¶ 80–91). On September 13, 2018, Defendant Optotraffic removed this action to this Court based on diversity jurisdiction. (Doc. 1). Plaintiffs now move to remand.

3

## II.  STANDARD OF REVIEW

On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between ... citizens of different states." 28 U.S.C § 1332(a)(1). If a case initially brought in state court satisfies the requirements of § 1332(a)(1), a defendant may remove that case to federal court. 28 U.S.C. § 1441(a).

28 U.S.C. § 1446 provides the procedures for removing an action to federal court. When an action is not originally removable, but later becomes removable, the statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one that is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

§ 1446(b). Accordingly, § 1446 forbids removal "more than one year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action. § 1446(c)(1). Courts within the Sixth Circuit have found that bad faith is present where "the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court." *Comer v. Schmitt*, 2015 WL 5954589, at *2 (S.D. Ohio Oct. 14, 2015); *see also*

*Dutchmaid Logistics, Inc. v. Navistar, Inc.*, 2017 WL 1324610, at *2 (S.D. Ohio Apr. 11, 2017); *Hiser v. Seay*, 2014 WL 6885433, at *2 (W.D. Ky. Dec. 5, 2014)

"The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true." *Cancino v. Yamaha Motor Corp., U.S.A.*, 494 F. Supp. 2d 664, 666 (S.D. Ohio 2005) (citing *Gafford v. General Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993). "Because removing a case to federal court interferes with state court jurisdiction, federal courts must narrowly construe the removal statute." *Superior Fibers LLC v. Shaffer*, 2016 WL 7469623, at *3 (S.D. Ohio Dec. 28, 2016) (citing *Conrad v. McDonald's Corp.,* No. 15-cv-3127, 2016 WL 1638889, at *3 (S.D. Ohio 2016)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III.   ANALYSIS

As a threshold matter, Plaintiffs argue that removal was improper because Elmwood Place was not formally dismissed at the time of removal, and, therefore, complete diversity did not exist. The Court does not agree.

28 U.S.C. § 1446(b)(3) permits removal after a defendant receives notice or "other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiffs cite to courts finding that there must be formal dismissal of a nondiverse co-defendant – not just a notice of settlement with the nondiverse defendant – prior to removal. *See Moore v. JP Morgan Chase Bank*, 2013 WL 12218264, *1 (N.D. Okla. Nov. 22, 2013); *Dunkin v. A.W. Chesterson Co.*, 2010 WL 12218264, *3 (N.D. Cal. Mar. 19, 2010). However, courts within the Sixth Circuit addressing the issue have held

5

that "formal dismissal of the parties required to create diversity jurisdiction is not required as long as parties have notice that the case will become removable." *Hiser*, 2014 WL 6885433, at *2; *see also Adams v. Estate of Keck*, 210 F. Supp. 2d 863, 865 (W.D. Ky. 2002). The Fifth and Eighth Circuits have also found that where settlement agreements effectively eliminate the nondiverse defendant from the case, removal is proper even if the nondiverse defendant is technically a party at the time of removal. *See Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 912 (5th Cir. 2000); *Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 903 n.2 (8th Cir. 1986). The Court agrees with the latter rationale and finds that formal dismissal is not required prior to removal. Because there is no dispute that Optotraffic had received notice of settlement between Plaintiffs and Elmwood Place when it removed this case, there was complete diversity at the time of removal.

Thus, the Court finds that the amount in controversy is greater than $75,000 and there is complete diversity between Plaintiffs and Optotraffic in satisfaction of § 1332(a)(1)'s removal requirements.

Nevertheless, Plaintiffs argue further that removal was improper, pursuant to § 1446(b), because Optotraffic removed the action over a year after the commencement of the action, which was filed on November 29, 2012. In response, Optotraffic provides two arguments in opposition to remand: (1) removal was timely because the Third Amended Complaint constitutes commencement of a new action and (2) Optotraffic is not barred from removing this case after one year because Plaintiffs acted in bad faith.

6

First, Optotraffic argues that this action was actually commenced on August 9, 2018 when the Third Amended Complaint was filed, and, therefore, this action was timely removed under § 1446. Under federal law, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. District courts have held that, where a new defendant is added in an amended complaint, "the clear weight of authority holds that the one-year period does not begin again, and the 'commencement of the action' under § 1446(b) occurs when the original complaint is filed." *Ossello v. Swift Rock Financial, Inc.*, 2017 WL 3276884, at *4 (D. Mont. July 27, 2017) (citing *Lopez v. Robinson Aviation (RVA), Inc.*, 2010 WL 3584446, at *4 (S.D. Fla. Apr. 21, 2010) (citing several cases)).

To support its contention that this action was commenced on August 9, 2018, Optotraffic relies on Ohio cases holding that "a party cannot add new parties to an action after a final judgment has been rendered to litigate a separate action." *Applied Const. Technologies, Inc. v. Beaux Chateaux Development Co.*, No. 73876, 1998 WL 598772, at *1 (8th Dist. Sept. 10, 1998); *see also Cantley v. Island Leasing Co.*, No. C-990776, 2000 WL 1005212, at *3 (1st Dist. July 21, 2000). In those cases, however, the Ohio state courts found simply that a trial court cannot add parties after rendering final judgment – not that filing an amended complaint adding new parties commences a new action. Because, as discussed below, this Court ultimately finds that removal was improper, the Court does not have subject matter jurisdiction to determine whether Optotraffic was improperly added as a defendant or whether final judgment was rendered. If Optotraffic wants to challenge being added as a party to the state court action after final judgment, it

should make those arguments in Ohio state court.

Second, Optotraffic argues that removal was proper because Plaintiffs acted in bad faith. In order to show bad faith, Optotraffic has the burden to show that Plaintiffs engaged in intentional conduct to deny Optotraffic the opportunity to remove the case to federal court. Optotraffic argues that Plaintiffs acted in bad faith by engaging in procedural gamesmanship by (1) not including Optotraffic as a Defendant in the First Complaint, (2) opposing Optotraffic's 2013 motion to intervene, and (3) not adding Optotraffic as a Defendant when Plaintiffs amended the First Complaint to add a claim for monetary damages. (Doc. 16 at 9). Yet Optotraffic's argument completely ignores the fact that Plaintiffs attempted to add Optotraffic as a Defendant in July 2014 when nondiverse Defendant Elmwood Place was in the action. Optotraffic affirmatively opposed that motion.[1] Nothing in the record reflects that Plaintiffs kept Elmwood Place in the action to prevent Optotraffic from removing this case in the first year of the action.

Optotraffic has failed to demonstrate by a preponderance of the evidence that removal was appropriate.

Accordingly, because the Court finds that Optotraffic's removal occurred over a year after the commencement of this action, and that Plaintiffs did not act in bad faith, remand is required.

---

[1] This is clearly not a case in which Plaintiffs kept Elmwood Place, the nondiverse Defendant, in the action for over a year in order to prevent Optotraffic from removing the matter to federal court. Indeed, Elmwood Place was a Defendant in this action for over four years *after* Plaintiffs originally attempted to add Optotraffic as a Defendant.

8

Additionally, Plaintiffs seek attorney's fees pursuant to § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A district court should award attorney's fees pursuant to §1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court finds that this case must be remanded, Optotraffic had an objectively reasonable basis for seeking removal based on its contention that Ohio does not permit adding parties after final judgment has been rendered. Therefore, Plaintiffs' request for attorney's fees is denied.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs' motion to remand (Doc. 13) is **GRANTED**. This case is **REMANDED** to the state court from which it was removed. The parties shall bear their own costs and fees. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  1/11/19

Timothy S. Black
United States District Judge